IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROBERT SHERMAN | : | No. 4:06-CV-2350 |
| Petitioner, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CAMERON LINDSAY | : | |
| Respondent | : | |

## MEMORANDUM

October 22, 2007

Before the Court is a Report and Recommendation (Doc. 9) issued by Magistrate Judge Thomas M. Blewitt on August 17, 2007, which recommends that Petitioner James Robert Sherman's Petition for Writ of Habeas Corpus (Doc. 1), filed on December 7, 2006, be dismissed or, alternatively, denied on its merits. No objections to the report have been filed. For the reasons that follow, we will adopt the Report and Recommendation in its entirety and dismiss the Habeas Petition.

I.     BACKGROUND

Our review of the record confirms the Magistrate Judge's description of the relevant facts underlying the instant action and the relief requested. Accordingly, we summarize the allegations and relief requested only briefly here.

On February 11, 2003, Sherman plead guilty in this Court to one count of conspiracy to defraud the United States. (Doc. 6, Ex. 2; Doc. 7., Ex. R-A.) On August 20, 2003, Sherman was sentenced by this Court to a 33-month prison term and two years of supervised release. (Doc. 6, Ex. 1.) At the time of his federal sentence, Sherman was already in custody of the Commonwealth of Pennsylvania, awaiting sentencing on state charges. (Doc. 2 at 7.) Sherman was sentenced by the state court on September 16, 2003 to 36 months imprisonment. (Doc. 2 at 8.)

On December 14, 2004, Sherman was placed on parole from his state sentence. (*Id.*) On that date, Sherman was taken into federal custody and began to serve his federal sentence. (*Id.*)

On January 12, 2006, in response to a letter from Sherman, the Bureau of Prison ("BOP") denied Sherman's request for credit towards his federal sentence for time spent in service of his state sentence. (Doc. 9.)

Sherman filed the instant habeas petition on December 7, 2006, asserting that the BOP incorrectly calculated his federal prison sentence and that he should receive credit toward his federal sentence for some amount of time spent in state custody. (Doc. 2.)

On June 22, 2007, Sherman was released from federal custody via good conduct time, and placed on supervised release. (Doc. 8.)

## II. STANDARD OF REVIEW

When no objections are made to a Magistrate Judge's Report and Recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Court's examination of this case confirms the Magistrate Judge's determinations, and although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the report and recommendation.

## III. DISCUSSION

The Magistrate Judge correctly identified three alternative grounds, each of which warrants dismissal of Sherman's petition.

First, Sherman has failed to exhaust his administrative remedies. Before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted. *See Moscato v. Federal Bureau of Prisons*, 98 F. 3d 757 (3d Cir. 1996). If a prisoner does not exhaust his administrative remedies, the petition must be dismissed. *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Sherman essentially admits that he did not exhaust his

available remedies, and the Respondent's evidence indicates that Sherman has not even attempted to address his claim through the BOP. Sherman argues that his letter requesting credit towards his federal sentence for time spent in service of his state sentence exhausted his remedies. Sherman's letter is not the equivalent of administratively pursuing a remedy through the BOP, however, and even if it were, Sherman failed to seek any type of review or appeal after his initial request for credit was denied. Sherman failed to exhaust his administrative remedies, and therefore, his habeas petition will be dismissed.

Second, Sherman's petition is also moot. As relief, Sherman requests immediate release from federal custody. On June 22, 2007, however, Sherman was released from federal custody. Although a petitioner's release itself does not per se moot a habeas petition, here Sherman's petition no longer presents a justiciable case or controversy because Sherman has demonstrated no collateral consequences which will be redressed by a favorable judicial decision. *See Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998). Sherman's federal sentence has ended, and his supervised release cannot be reduced by any additional credit. Because the Court can grant Sherman no additional relief, the petition shall be dismissed as moot.

Finally, Sherman's petition fails on the merits. The decision whether to grant Sherman credit towards his federal sentence for time he spent serving a state sentence is exclusively within BOP authority. Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." In this case, the BOP permissibly and correctly determined that Sherman's time spent in state custody had been credited against his state sentence, and therefore, refused to give him credit for this time toward his federal sentence. The BOP did not incorrectly determine Sherman's sentence, and therefore his petition shall be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court shall adopt the Report and Recommendation of the Magistrate Judge and dismiss Sherman's petition. An appropriate order shall enter this same date.